**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Revenue,               Respondent,

v.

James Leroy Belk Post 17, American Legion, d/b/a Waccamaw Bingo, and Stephen L. Johnson, Promoter,        Appellants.

―――――――――

Appeal From the Administrative Law Court
John D. McLeod, Administrative Law Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-359
Submitted May 1, 2012 – Filed June 13, 2012

―――――――――

**AFFIRMED**

―――――――――

Kenneth R. Young Jr., of Sumter, for Appellants.

Amelia Furr Ruple, Harry A. Hancock, and Milton G. Kimpson, all of Columbia, for Respondent.

**PER CURIAM:** James Leroy Belk Post 17, American Legion (American Legion) and Stephen L. Johnson appeal the Administrative Law Court's (ALC) decision finding them in violation of section 12-21-4090(C) of the South Carolina Code (Supp. 2011) and fining Johnson $1,000. The appellants argue the ALC abused its discretion in reaching its decision. We affirm.[1]

We find the ALC did not abuse its discretion in finding American Legion and Johnson violated section 12-21-4090(C). The statute is clear in requiring "both the organization and promoter [to] deposit a loan equal to fifty percent of the deficit." S.C. Code Ann. § 12-21-4090(C) (Supp. 2011); see also Kennedy v. S.C. Ret. Sys., 345 S.C. 339, 346, 549 S.E.2d 243, 246 (2001) ("The first question of statutory interpretation is whether the statute's meaning is clear on its face. If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." (internal quotation marks omitted)). Here, it was undisputed that Johnson alone made the deposits into the account. Also, evidence supports the ALC's determination that testimony about the purported loan between Johnson and American Legion lacks credibility. Further, we find section 12-21-4090(C) is not unconstitutionally vague because "men of common intelligence" would not need to guess about what the statute means or how to apply it. See Toussaint v. State Bd. of Med. Exam'rs, 303 S.C. 316, 320, 400 S.E.2d 488, 491 (1991) ("A law is unconstitutionally vague if it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application.").

We also find the ALC did not abuse its discretion in imposing a fine on Johnson. Contrary to Johnson's assertion, the ALC fined him $1,000, not $2,000. Because Johnson argues his fine should not exceed $1,500, this issue needs no further consideration. Accordingly, the ALC's decision is

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**